UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN REYNOLDS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MCLAREN GROUP, LLC; MCLAREN AUTOMOTIVE, INC.; and DOES 1 through 20, inclusive.<br><br>　　　　　　　　　Defendants. | Case No.:  23-cv-01928-W-MMP<br><br>**ORDER GRANTING ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF [DOC. 17]** |

Pending before the Court is David N. Barry's ("Attorney") motion to withdraw as attorney of record for plaintiff Sean Reynolds ("Plaintiff").  ([Doc. 17], "Motion to Withdraw".)  The Court decides the matter on the papers submitted and without oral argument.  See CivLR 7.1(d)(1).  For the reasons set forth below, the Court **GRANTS** the Motion to Withdraw.

On September 13, 2023, Attorney field this lawsuit on behalf of Plaintiff in San Diego County Superior Court.  ([Doc. 1-2], "Complaint".)  The Complaint asserted seven causes of action relating to Plaintiff's purchase of an allegedly defective McLaren vehicle.  (*Id*.)  On October 9, 2023, Plaintiff dismissed defendant McLaren Group, LLC with prejudice, apparently after realizing it is a real estate business operated by an

1

individual named Kelly McLaren, who has no relation to McLaren vehicles.  ([Doc. 1], at ¶ 14 "Notice of Removal".)

Remaining defendant McLaren Automotive, Inc. ("Defendant") then removed the case to federal court on October 20, 2023.  (*Id*.)  Thereinafter, the Court denied Plaintiff's motion to remand and granted in part Defendant's motion to dismiss.  (*See* [Doc. 13], "Motion to Dismiss".)  Shortly thereafter, Attorney attempted to withdraw as the attorney of record for Plaintiff [Doc. 14] but this initial request was stricken by the Court because it, among other things, did not appear that Attorney had served the document on his client.  (*See* [Doc. 15].)  Now, Attorney again attempts to withdraw as attorney of record for Plaintiff, citing a "breakdown of the attorney-client relationship."  ([Doc. 17-1], at 3.)

An attorney may not withdraw as counsel except by leave of court.  *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D.Cal.1992); CivLR 83.3(f)(3).  "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court . . . ."  *Washington v. Sherwin Real Estate, Inc*., 694 F.2d 1081, 1087 (7th Cir. 1982).  Factors considered in evaluating a motion to withdraw are "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case."  *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, at *2 (E.D. Cal. 2009) (citing *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, at *1 (E.D. Cal. 2009)).

Withdrawal of counsel is governed by the standards of professional conduct required of members of the State Bar of California.  *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  Under Rule 1.16(d), an attorney "shall not terminate the representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain

other counsel . . . ."[1] (punctuation omitted).  Furthermore, CivLR 83.3(f)(3) states an attorney's motion to withdraw "must be served" "on the moving attorney's client" and the motion must be accompanied by a "declaration pertaining to such service."

Here, Attorney's Motion to Withdraw is accompanied by a declaration and certificate of service representing that the Motion to Withdraw was timely served—by both mail and electronic service—on Plaintiff Sean Reynolds and counsel for Defendant. ([Doc. 17-2], at 3–6.)  The time for opposition (September 2, 2024) passed and neither Plaintiff Sean Reynolds nor Defendant opposed, thereby conceding that neither party believes they would be prejudiced by the withdrawal.

However, on September 17, 2024—one day after the Motion to Withdraw's hearing date and 15 days after any opposition was due—Plaintiff Sean Reynolds (who is an attorney) filed an opposition to the Motion to Withdraw.  ([Doc. 20], "Opposition".) Plaintiff's excuse for his Opposition being late was that he "ha[s] never filed in the Southern District despite being admitted in 2007 . . . [and] had to upgrade and link my Pacer account which has required dozens of phone calls and emails . . . ."  (*Id.* at ¶ 3.) While this may be true and could possibly explain a short delay, it does not explain Plaintiff's Opposition being <u>15 days</u> late.  *See* CivLR 7.1.e.2 ("[E]ach party opposing a motion . . . must file that opposition . . . not later than fourteen (14) calendar days prior to the noticed hearing.").  Indeed, Plaintiff had over a month between service of the Motion to Withdraw and when his Opposition was due—more than enough time to sort out any technical difficulties.  Plaintiff is an attorney admitted to practice in this district and is expected to follow its deadlines just like any other attorney.  As such, the Court declines to exercise its discretion to permit Plaintiff's late-filed Opposition.  *See* FED. R. CIV. P. 6(b)(1) (emphasis added) ("[T]he court *may*, for *good cause*, extend time . . . .").

---

[1] California Rule of Professional Conduct 1.01(h) defines "reasonable" and "reasonably" in this context to mean "the conduct of a reasonably prudent and competent lawyer."

  Additionally, the Court would still grant the Motion to Withdraw even if it considered Plaintiff's late-filed Opposition.  While Plaintiff is correct that Attorney's assertion of a "breakdown of the attorney-client relationship" is somewhat conclusory, Plaintiff's own Opposition makes up for this by demonstrating just how unsalvageable the relationship between Plaintiff and Attorney has become.  For example, Plaintiff himself characterizes Attorney of making "[K]nowingly false statements. There is no breakdown of the relationship. There is no conflict of interest. These claims are vague, unsupported by any evidence and a falsehood. It is patent that counsel is attempting to abandon me as the client after the case has been essentially gutted, mandating the motion be denied." (*Opposition* at ¶ 11.)  The Court fails to see how there can be "no breakdown of the relationship" while Plaintiff is simultaneously accusing his own Attorney of making "knowingly false statements."  Indeed, the Court does not see how the attorney-client relationship could reasonably continue at this point.

  Furthermore, Plaintiff's own assertions that he would suffer "severe prejudice if current counsel is permitted to be relieved . . . as [Attorney] has taken no reasonable steps to avoid prejudice of my rights" is itself entirely conclusory.[2] (*Opposition* at ¶ 12.) Plaintiff does not articulate how exactly he would be prejudiced by Attorney's withdrawal nor what "reasonable steps" Attorney should take.  To the contrary, the Magistrate Judge has postponed the Early Neutral Evaluation until the Court's ruling on the Motion to Withdraw.  ([Doc. 19].)  The scheduling order has not yet been entered and there are no other impending dates in this case.  Plaintiff himself is an attorney admitted

---

[2] Plaintiff also argues that "I object to the Motion's request for 'NO ORAL ARGUMENT PURSUANT TO RULE 7.1(D)(1).' . . . I request [oral] argument . . . ." (*Opposition* at ¶ 4.)  Plaintiff is mistaken that Attorney somehow "request[ed]" "NO ORAL ARGUMENT" in his Motion to Withdraw.  Instead, Attorney was simply following the Court's Chambers Civil Rules.  *See* Judge Whelan's Chambers Civil Rule 3(b) ("The Court generally decides motions based on the papers submitted by the parties. In the caption of its notice of motion and motion, the moving party shall include the following: NO ORAL ARGUMENT PURSUANT TO LOCAL RULE. If the Court decides that oral argument will assist it in deciding a given motion, counsel will be notified telephonically at least three (3) court days before the scheduled hearing date.")

to practice before this district and asserts that he paid $275,000 for the vehicle at the heart of this case. (*See* [Doc. 7], at 7.) Clearly, Plaintiff could find other legal counsel if needed and the Court is unsure what other "reasonable steps" Attorney should be required to take at this point to avoid prejudicing Plaintiffs rights. Ultimately, it appears that Plaintiff opposes the Motion to Withdraw because he is upset with Attorney for losing the Motion to Dismiss. However, if Plaintiff is upset with Attorney regarding the Motion to Dismiss, his recourse is a potential malpractice suit, not reflexively opposing the Motion to Withdraw.

Seeing as neither Plaintiff nor Defendant would be prejudiced by Attorney's withdrawal and there are no impending deadlines or any other indications in the record that Attorney's withdrawal would harm the administration of justice or unduly delay the resolution of this case, the Court **GRANTS** Attorney's Motion to Withdraw [Doc. 17] as attorney of record for Plaintiff Sean Reynolds and **ORDERS** as follows:

- Attorney shall serve a copy of this order on Plaintiff Sean Reynolds and Defendant and shall file the proof of service.
- On or before **October 8, 2024**, Plaintiff Sean Reynolds shall file a notice with this Court listing the mailing address for service of process.
- Additionally, the Court stays this matter until **October 22, 2024** to permit Plaintiff Sean Reynolds to find new counsel or decide to represent himself.

**IT IS SO ORDERED.**

Dated: September 24, 2024

Hon. Thomas J. Whelan
United States District Judge