UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN REYNOLDS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MCLAREN GROUP, LLC, A California Limited Liability Company; MCLAREN AUTOMOTIVE, INC., A Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 23cv1928-W-MMP<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CASE FOR FAILURE TO PROSECUTE [DOC. 39]** |

**I.    Background**

On September 13, 2023, attorney David N. Barry filed a lawsuit on behalf of Plaintiff Sean Reynolds ("Plaintiff") in San Diego Superior Court. (*Complaint* [Doc. 1-2].) The complaint asserted seven causes of action relating to Plaintiff's purchase of an allegedly defective McLaren vehicle. (*Id*.) On October 9, 2023, Plaintiff dismissed McLaren Group, LLC, as a defendant after learning that it has no connection to McLaren Vehicles. (*Ntc. of Removal* [Doc. 1] at 4.)

On October 20, 2023, Defendant McLaren Automative, Inc. ("Defendant") removed this case to federal court. (*Ntc. of Removal*.) Shortly thereafter, Defendant filed a motion to dismiss (*First Mtn. to Dismiss* [Doc. 3]), and Plaintiff filed a motion to remand (*Remand Mtn.* [Doc. 4]). The motion to dismiss was granted in part and dismissed four of Plaintiff's claims without leave to amend, and the motion to remand was denied. (*Mtn. to Dismiss and Remand Order* [Doc. 11].)

On July 30, 2024, Plaintiff's counsel, David N. Barry, filed a motion to withdraw as counsel due to a breakdown in communication. (*Mtn. to Withdraw* [Doc. 17].) Plaintiff filed a response in opposition stating that there was no proper basis for his attorney to withdraw from representation, and explained that he is a retiring attorney himself, but is unable to represent himself in this action because of medical issues and a recent death in his family. (*See Mtn. to Withdraw Oppo*. [Doc. 20].) The Court, finding that a breakdown in communication was easily apparent from the papers and that the parties would not be prejudiced by counsel's withdrawal, granted Plaintiff's counsel's motion. (*Order Mtn. to Withdraw* [Doc. 21].)

Plaintiff then appeared *pro se* for a short period of time until filing a request to substitute Gregory Garrison in place of himself as counsel in December 2024. (*Mtn. Substitute* [Doc. 28].) In March 2025, an early neutral evaluation ("ENE") and case management conference ("CMC") was held by Magistrate Judge Pettit, and a scheduling order was entered. (*See* Docs. 32, 33.) In July 2025, Magistrate Judge Pettit held a discovery conference and a status conference. (*See* Docs. 37, 38.)

On August 11, 2025, Defendant filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (*Mtn. re Failure to Prosecute* [Doc. 39-1].) In the motion, Defendant states the following:

> Plaintiff has not diligently prosecuted this action whatsoever. Rather, Plaintiff has abandoned his case by failing to fulfill his discovery obligations and refusing to participate in this action. Plaintiff has not supplemented his responses, did not verify responses to MAI's ["McLaren Automative, Inc."] request for

> interrogatories, failed to respond to the second set of discovery and, most importantly, after Plaintiff's and his law firm's depositions were duly noticed twice by MAI, Plaintiff neither complied with the notices nor provided any further dates of availability. MAI has also never been provided a date for performing a vehicle inspection.

(*Id*. at 2.) Defendant states that it has attempted to meet and confer with Plaintiff's counsel several times to "no avail," and that counsel has only indicated the inability "to effectively communicate with his client due to Plaintiff's recent hospitalizations." (*Id*.) Defendant also notes that during the July status and discovery conference, Magistrate Judge Pettit cautioned Plaintiff that his case would be "subject to dismissal if he continued to neglect his discovery obligations." (*Id*. at 8.)

On September 29, 2025, Defendant filed a notice of failure to oppose and motion to dismiss the action for failure to prosecute. (*Ntc. of Failure* [Doc. 39].) To date, Plaintiff has failed to file an opposition to Defendant's motion to dismiss for lack of prosecution, or any response to Defendant's notice of failure to oppose.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) authorizes the dismissal of an action where the plaintiff fails to prosecute or comply with the federal rules or court orders. *See* Fed. R. Civ. P. 41(b). Before dismissing a case for failure to prosecute, a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F. 2d 1421, 1423 (9th Cir. 1986). Dismissal for failure to prosecute, however, is a "harsh penalty and is to be imposed only in extreme circumstances." *Id.*

/ / / /

### III. Analysis

First, the Court finds that the public's interest in the expeditious resolution of litigation is a neutral factor here. The public has no interest in this case being prolonged by Plaintiff's failure to advance or prosecute this case. At the same time, the public's interest would not be harmed by additional time for resolution had Plaintiff demonstrated any intention to prosecute the case.

Second, the Court's need to manage its docket weighs in favor of dismissal. There is no reason to keep this matter on the Court's docket, or expend further judicial resources, when Plaintiff has abandoned the case.

Third, the risk of prejudice to Defendant weighs in favor of dismissal. Defendant is unable to move the case forward without Plaintiff's participation. As Defendant notes, Plaintiff has impaired its ability to "conduct discovery and prepare for trial." (*Mtn. re Failure to Prosecute* at 7.) The fact discovery deadline was on August 8, 2025 (*See Scheduling Order* [Doc. 35]), and Defendant has been unable to "complete written discovery, take Plaintiff's deposition, or inspect the subject vehicle." (*Id.*) *See also Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998) (explaining that, even absent a showing of actual prejudice, "a presumption of prejudice arises from the plaintiff's failure to prosecute").

Fourth, the public policy favoring resolution of cases on the merits weighs against dismissal, but this factor also requires that Plaintiff present facts, law, and argument in support of his case to permit review and resolution on the merits. Plaintiff has shown no intention of doing so for several months.

Finally, the Court finds that dismissal without prejudice is the least drastic option available that adequately addresses Plaintiff's failures in this case. "Unless otherwise specified ... a [Federal Rule of Civil Procedure 41(b)] dismissal operates as an adjudication upon the merits." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (internal quotation marks omitted). Although Defendant requests dismissal with prejudice, it offers no argument demonstrating that a less drastic sanction

is unavailable. Defendant merely states that "[s]ince Plaintiff has not taken any steps to prosecute this action, this action should be dismissed with prejudice." (*Mtn. re Failure to Prosecute* at 8.) In summary, the above factors weigh in favor of dismissal.

## IV.   Conclusion

Accordingly, the Court **GRANTS** Defendant's motion to dismiss for failure to prosecute [Doc. 39-1] and **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: December 9, 2025

_____
Hon. Thomas J. Whelan
United States District Judge